(Lucas County Court of Common Pleas.)

THE CITY OF TOLEDO, for the use of JAMES HORAN v. HENRY BARNES ET AL.

---

*Practice.*

Requests for findings must be made at, or immediately after, the trial. (Revised Statutes, sec. 5205.)

A request made eight (8) days after trial, but before journal entry filed, that the court state in writing its conclusions of facts separately from its conclusions of law, came too late.

(Decided May 24, 1894.)

---

*Stephen Brophy,* for plaintiff, cited Revised Statutes of Ohio, sec. 5205; also 21 Mich. 242; 48 Mich 229, construing Howell's Statutes of Michigan (1882), sec. 6487, formerly sec. 3437, which is similar to the Ohio statute.

*I. N. Huntsberger,* for defendants Barnes et al.

HARMON, J.

The case was regularly tried to the court on the 16th day of May, 1894, and at its conclusion on the same day the court made the following entry on its docket: "Trial had; judgment for plaintiff against the defendants, Henry L. Barnes and Nettie L. Barnes; $—— decree; order of sale. See entry. The defendants, Barnes, except and give notice of appeal; bond fixed at $100.00."

A journal entry was prepared by plaintiff's counsel, which was in the usual form, embodying a personal judgment against the defendants, Barnes et al., and a decree for the sale of the lots, which entry defendant's counsel

refused to approve. The plaintiff thereupon filed a motion to settle journal entry, which was heard by the court on the 24th day of May, 1894, and at the hearing of said motion, counsel for said defendants Barnes and wife, for the first time requested the court to make a special finding of facts separate from its conclusions of law, and tendered to the court, for its approval, a journal entry embodying a special finding of facts and the conclusions of law thereon, to wit: a personal judgment against the defendants, Barnes et al., and a decree for the sale of the lots. *Held,* by the court, that the reasoning of the court in the 21st Mich. 242, applies with equal force to this case; that the judgment having been rendered, a finding of facts could not be placed thereon; that the finding of facts should precede, not follow, the judgment; that the demand of the defendants, Barnes et al., that the court state in writing its conclusions of facts found, separately from the conclusions of law, made eight (8) days after trial had and judgment entered, but before the journal entry was filed, came too late, and that such demand should have been made at, or immediately after, the trial. The court therefore granted plaintiff's motion, and refused the request of the defendants Barnes et al., for a separate finding of facts.